ORR
*vs*
HOLLIDAYS.

---

## Orr *vs* Hollidays.

EJECTMENT.

APPEAL FROM THE NICHOLAS CIRCUIT.

*Case* 22.

*Notice. Depositions. Possession. Tenancy by curtesy.*

JUDGE BRECK delivered the opinion of the Court.

· *December* 29.

THE motion to quash the report of the surveyor, and afterwards to exclude it as evidence, was properly over-ruled. The objection that a notice to attend with the surveyor on the land in controversy, for the purpose of making the survey on the 6th, would not authorize, after commencing on that day, a continuance from day to day, on account of the weather, till the survey was completed on the 9th of the same month, was clearly untenable.

A notice to at-tend a survey on the 6th, and con-tinued after the parties had met on account of in-clemency of the weather till the 9th, not unreas-onable.

The objection to the deposition of Geohegan, was also clearly invalied. From the evidence, it would have been oppression in the Court to have required his personal attendance as a witness.

Whether the Court was right in permitting the com-missioner's deed to the lessor, Thomas Holliday, to go before the jury, it is not important to decide, for even if it should have been rejected, we should not on that account have been disposed to disturb the judgment. There is enough in the record to justify the finding of the jury, without that deed. So in regard to the testi-mony of Johnson. The same facts proved by him were established by other witnesses. We are inclined to the opinion, however, he was a competent witness, and that the Court was right in refusing to exclude his tes-timony. The motion to nonsuit the plaintiff, was also properly overruled.

Where a verdict is sustained by the proof in the record, it is not necessary to de-cide upon the admissibility of other proof which was rejected, strengthening the case for the suc-cessful party.

It was not necessary to a recovery by the plaintiff, that he should show a derivation of title from the Com-

A possession of more than 20 years by the.

plaintiff in eject-
ment, or those
under whom he
entered, is suffi-
cient to main-
tain ejectment.

monwealth. A continued actual adverse possession of the land in contest, under deeds embracing it, by the lessors and their ancestor, for more than twenty-five years before the entry of the defendant, was sufficient in this case to authorize the jury to find for the plaintiff. The defendant showed no title whatever to the land in dispute, and occupies the attitude of a mere naked trespasser. The possession of the lessors and their ancestor, is presumed to have been lawful, as is every possession which is not proved to be wrongful: *Ricard* vs *Williams*, (9 *Wheaton*, 59; 5 *Con. Rep.* 242.)

The maxim relied on by counsel *nullum tempus occurrit regi*, has no application to this case. Neither the Commonwealth nor any one showing title under her, is here opposing the claim of the plaintiff. Nor was the Court wrong in refusing to grant a new trial. The testimony entitled the plaintiff to recover the whole land.

To constitute a tenancy by curtesy, there must be actual seizin.
(6 *Monroe*, 179.)

To have constituted Johnson a tenant by the curtesy, there must have been an actual seizin of his wife, or possession of the land in contest: *Adams* vs *Logan*, (6 *Mon.*, 179.) Such seizin or possession is not so shown by the proof as necessarily to require that fact to be found by the jury. All the heirs of Holliday were lessors of the plaintiff, and *prima facie* entitled to the immediate possession of the land in dispute, or to a present interest. To render available as a defence any interest in Johnson, as tenant by the curtesy, it was incumbent on the defendant to establish the fact of his interest by proof. It was not necessary for the plaintiff to prove the negative.

In view of the whole case, we are of opinion the judgment ought not to be disturbed, and it is, therefore, affirmed.

*J. Trimble* for appellant; *J. & W. L. Harlan, Finnell and T. Y. Payne* for appellees.